

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

> **MEMO ENDORSED**:
> The application is granted.  This case is stayed pending a judgment in <u>United States v. George Iloulian</u>, 21 Cr. 579 (PGG).

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

SO ORDERED.

*/s/ Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge
Dated: December 1, 2021

Re: <u>United States of America *ex rel.* La</u>
    19 Civ. 3290 (PGG)

Dear Judge Gardephe:

  This Office represents the United States (the "Government") in the above referenced action filed under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), in which the Government intervened.  I write jointly on behalf of the Government and Defendants Delta Uniforms and George Iloulian (the "Defendants") to respectfully request a stay of this action pending resolution of the criminal matter against Defendant George Iloulian, which is currently pending before Your Honor.  *United States v. Iloulian*, 21 Cr. 579 (PGG).

  The civil action was initially filed under seal by the Relator.  The United States filed its complaint-in-intervention under seal on September 22, 2021, and requested that the complaint and this matter remain under seal to allow coordination with ongoing related criminal proceedings.  On September 23, 2021, the criminal indictment against Iloulian was unsealed, and on September 24, 2021, the civil action was unsealed, *see* ECF No. 6.  The Government sent Defendants waiver of service requests on October 4, 2021, which were executed on November 6, 2021, and filed on November 18, 2021.  *See* ECF Nos. 11 & 12.

  The Government submits that a stay of the civil action while the criminal action against Iloulian is allowed to proceed will serve the public interest of preserving the integrity of criminal prosecutions, will conserve private, public, and judicial resources, and will not prejudice the parties in the civil matter.  All parties consent to the proposed stay.

  This Court has the inherent power to stay civil cases in the interests of justice pending the completion of a criminal investigation and any subsequent proceedings.  *See Landis* v. *North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986).  Courts routinely grant applications by the Government to stay parallel civil proceedings in order to protect a pending criminal investigation prior to and after indictment.  *See, e.g., SEC v. Platinum Mgmt.*

*(NY) LLC*, 16-CV-6848 (DLI) (VMS), 2017 WL 2915365 (E.D.N.Y. July 7, 2017) (granting government's motion to stay pending the resolution of criminal proceedings against the individual defendants); *SEC v. Mersky,* No. Civ. A. 93–5200, 1994 WL 22305 at *6 (E.D. Pa. Jan. 25, 1994) (granting stay of all proceedings in civil enforcement action due to ongoing criminal investigation); *United States v. Downe*, No. 92 Civ. 4092, 1993 WL 22126, at *14 (S.D.N.Y. Jan 26, 1993) (granting stay of SEC enforcement action pending criminal investigation).

Courts generally apply a six-factor test in determining whether to stay a civil action pending the resolution of a related criminal matter, considering: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11 Civ. 6500 RA, 2012 WL 5505738, at *2 (S.D.N.Y. Nov. 9, 2012) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)). Here, the factors weigh in favor of granting a stay.

There is nearly total overlap between the allegations in the civil complaint and the criminal indictment against Iloulian. In both the civil and criminal matters, the Government alleges that Defendant Iloulian, through his company Delta Uniforms, submitted false invoices to U.S. Customs and Border Protection ("CBP") that understated the true value of and /or misrepresented the nature of the goods the company imported in the United States in order to evade payment of customs duties. Accordingly, the Government expects that there is a substantial, if not complete, overlap of witnesses and evidence in both the civil action and the criminal matter. In addition, as explained above, a criminal indictment has been filed against one of the civil defendants in this action, which courts have recognized "weighs in favor of a stay of the parallel civil case." *Platinum Mgmt*, 2017 WL 2915365, at *4 (E.D.N.Y. July 7, 2017) (collecting cases). As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

Moreover, a stay of the civil action will not prejudice any of the parties to the civil action. Indeed, the Government and the Defendants in the civil action are jointly moving for this stay, and the Relator has provided his consent. Defendants in parallel criminal cases typically have an interest in not being deposed because if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (noting that Fifth Amendment does not forbid adverse inferences against parties to civil actions). As one district court noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *SEC v. Nicholas*, 569 F. Supp. 2d. 1065, 1070 (C.D. Cal. 2008*)*. As a result, in this instance, granting a stay in the civil action to permit the criminal case to proceed to its conclusion would actually benefit the Defendants, since this would avoid forcing Defendant

Iloulian to choose between being prejudiced in the civil case by asserting his Fifth Amendment right or being prejudiced in the criminal case by waiving that right.

Furthermore, the parties' interest in resolving the civil action is outweighed by both the public interest in the enforcement of criminal laws and the fact that resolution of the criminal process may result in a more efficient resolution of the civil action. *See generally In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law."); *SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (noting that invocations of the Fifth Amendment privilege can disrupt the orderly conduct of a civil case). Moreover, the Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery. *See SEC v. Treadway*, 04 Civ. 3464 (VM)(JCF), 2005 WL 713826, at *4 (S.D.N.Y. Mar. 30, 2005) ("It is in the public interest ... to prevent circumvention of the limitations on discovery in the criminal proceedings."); *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve Sys. v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. at 49 ("the public interest in the criminal case is entitled to precedence over the civil litigant"); *see also SEC v. Carroll*, 19 Civ. 7199 (AT), 2020 WL 127272287, at *4-5 (S.D.N.Y. Mar. 17, 2020) (noting that "[t]he public's interest in preserving the integrity of criminal proceedings can be undermined in three major ways when discovery proceeds in parallel civil and criminal litigation . . . [1] broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence. [2] revelation of the identity of prospective witnesses may create the opportunity for intimidation. [3] criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.") (quoting *SEC v. Blaszczak*, 17-cv-3919 (AJN), 2018 WL 301091, at *3 (S.D.N.Y. Jan. 3, 2018).

As to the interest of the Court, allowing the criminal process to resolve itself ahead of the civil action may result in a narrowing of the factual and legal issues before this Court. *See Volmar Dist., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993); *Nat'l Union Fire Ins. Co. v. Sun*, 1997 U.S. App. LEXIS 6174, at *4 (2d Cir. 1997) ("It is well established that a criminal conviction may act to collaterally estop a litigant from challenging in a subsequent civil action issues decided in that prosecution") (citing *Maietta v. Artuz*, 84 F.3d 100, 103 n.1 (2d Cir. 1996)). *Cf. SEC v. Contorinis*, 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is

collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992) (recognizing judicial economy as a factor to be considered); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of the criminal case "might reduce scope of discovery in the civil case and otherwise simplify the issues"). Accordingly, the interests of judicial economy are better served by the stay the Government seeks.

For all these reasons, the Government and the Defendants respectfully request that this Court stay the civil action pending resolution of *United States v. Iloulian*, 21 Cr. 579 (PGG). A proposed order is enclosed for the Court's review and approval.

I thank the Court for considering this application.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___/s/ Dominika Tarczynska___
DOMINIKA TARCZYNSKA
Assistant United States Attorney
Tel. (212) 637-2748
Fax (212) 637-2686

cc: Hadassa Waxman, Esq. (via email)
*Counsel for Defendants*

Heidi Wendel, Esq. (via email)
Bertrand Madsen, Esq. (via email)
*Counsel for Relator*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
*ex rel.* Lihajani,

        Plaintiffs,

v.

DELTA UNIFORMS, INC and GEORGE ILOULIAN,

        Defendants.

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

v.

DELTA UNIFORMS, INC and GEORGE ILOULIAN,

        Defendants.

19 Civ. 3290 (PGG)

**STAY ORDER**

WHEREAS, the United States of America (the "Government") and Defendants Delta Uniforms, Inc. and George Iloulian (the "Defendants") have jointly moved for a stay of all proceedings in this action pending the resolution of the criminal action *United States v. Iloulian*, 21 Cr. 579 (PGG); and

WHEREAS, the Court having found good cause exists to stay all proceedings in this action;

IT IS HEREBY ORDERED, that

1. All proceedings in this action shall be stayed pending the resolution of *United States v. Iloulian*, 21 Cr. 579 (PGG).

2.	The Government shall submit a status letter to the Court within fourteen (14) days of the resolution of the criminal action *United States v. Iloulian*, 21 Cr. 579 (PGG), and request that the stay in this action be lifted.

3.	Defendants shall file any answers or other responsive pleadings within 60 days of the filing of the Government's letter as set forth in paragraph 2 of this Order or such other date as may be set by the Court.

Date: _____

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE