UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, ex rel.
HAMID (JOE) LAHIJANI,

               Plaintiff and Relator,

        -against-

DELTA UNIFORMS, INC., and GEORGE
ILOULIAN (a/ka/ GEORGE ILLULIAN),
individually,

             Defendants.

UNITED STATES OF AMERICA,

             Plaintiff-Intervenor,

        -against-

DELTA UNIFORMS, INC. and GEORGE
ILOULIAN,

             Defendants.

**ORDER**

19 Civ. 3290 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this <u>qui</u> <u>tam</u> action, Plaintiff-Intervenor United States of America ("Plaintiff" or

the "Government") moves for summary judgment against Defendants Delta Uniforms, Inc. and

George Iloulian (collectively "Defendants") on the basis that Iloulian's guilty plea in <u>United</u>

<u>States Iloulian</u>, 21 Cr. 579 (PGG), precludes both Defendants from contesting liability in the

instant case.  (Pltf. Br. (Dkt. No. 25) at 6)

        Delta Uniforms was not charged or convicted in the criminal case.  In general, "a

determination in a prior judicial proceeding collaterally estops a claim by a nonparty only if that

nonparty was represented by a party to the prior proceeding, or exercised some degree of actual

control over the presentation on behalf of a party to that proceeding." <u>Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber</u>, 327 F.3d 173, 184-85 (2d Cir. 2003) (citation omitted).  Courts "recognize privity based on representation only if the interests of the person alleged to be in privity were 'represented [in the prior proceeding] by another vested with the authority of representation.'" <u>Id.</u> (alteration in original) (quoting <u>Monahan v. New York City Dep't of Corr.</u>, 214 F.3d 275, 285 (2d Cir. 2000). The Second Circuit has found privity "where a party to a previous suit was, at the time of the litigation, acting as either a fiduciary or organizational agent of the person against whom preclusion is asserted."  <u>Id.</u> at 185; <u>see also id.</u> at 186 (declining to find privity for purposes of collateral estoppel where the former CEO of a company "was not vested with the authority to represent [the company] because he was neither a fiduciary nor an agent of [the company] during his trial").

The Government's summary judgment papers do not address Iloulian's relationship with Delta Uniforms at the time of the criminal proceedings or whether that relationship justifies a finding that Defendants were in privity for purposes of collateral estoppel.

The parties will make submissions addressing this issue by **June 27, 2024**.

Dated:  New York, New York
        June 12, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge